THE STATE EX REL. KROGER COMPANY, APPELLANT, *v.* MOREHOUSE; INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Kroger Co. v. Morehouse*
(1995), 74 Ohio St.3d 129.]

(No. 94–879—Submitted October 10, 1995—Decided November 29, 1995.)

*Porter, Wright, Morris & Arthur, Charles J. Kurtz III* and *Christopher C. Russell,* for appellant.

*Betty D. Montgomery,* Attorney General, and *William J. McDonald,* Assistant Attorney General, for appellee.

*Per Curiam.*

There are two disputed periods of temporary total disability compensation awards: October 14, 1990 through February 21, 1991; and July 20, 1991 to December 31, 1992. Kroger objects both procedurally and substantively to the awards. We sustain these objections in part, and the appellate judgment is reversed in part and affirmed in part.

Procedurally, Ohio Adm.Code 4123–3–18(A)(4) states:

"(A) Administrative appeals

" * * *

"(4) Appeal (also called 'Notice of Appeal') should be made on form OIC 3000, formerly I–12, or as provided by rules of the industrial commission. 'Notice of Appeal' shall state the names of the claimant and the employer, the number of the claim, the date of the decision appealed from and the fact that the appellant appeals therefrom."

Ohio Adm.Code 4123–3–16 also reads:

"(A) Form C–86 shall be used to present motions to the bureau or commission.

"(B) Motions may be submitted by the employee or the employer to seek a determination by the bureau or the commission on any matter not otherwise provided for in these rules. It is appropriate to file a motion in order to secure allowance of a disability or condition not previously considered in a claim. *In no event should a motion be used as a substitute for an appeal,* an application to

reactivate a claim, an application for the determination of the percentage of permanent partial disability, or an application to increase an award of percentage of permanent partial disability." (Emphasis added.)

Claimant's counsel did not use form OIC 3000 to contest the district hearing officer's initial temporary total disability compensation denial. She instead used a C86 to request further administrative review. Because claimant did not use the proper form, Kroger claims that the commission erred in treating claimant's motion as an appeal. We disagree.

Kroger correctly states that an administrative agency cannot ignore its own rules. At the same time, R.C. 4123.95 directs that the Workers' Compensation Act be construed liberally in favor of employees. Weighing these competing concerns, the appellate court referee—utilizing reasoning that the appellate majority adopted—stated:

"Such a narrow construction, however, is overridden by the equally compelling principle contained in R.C. 4123.95 that the workers' compensation law shall be liberally construed in favor of employees. A liberal construction does not permit a claimant substantive entitlement to benefits to be defeated by technical reading of procedural rules, particularly where the C–86 motion was served on relator's counsel and relator was represented at the hearing on claimant's 'appeal' at the regional board. Under these circumstances, relator has not demonstrated material prejudice resulting from any of the procedural defects alleged which would amount to an abuse of discretion."

It is clear from the document itself that claimant was seeking further administrative review of her request for temporary total disability compensation. Applying R.C. 4123.95, we find that the commission did not abuse its discretion in construing claimant's C86 as it did. See *State ex rel. Gen. Refractories Co. v. Indus. Comm.* (1989), 44 Ohio St.3d 82, 541 N.E.2d 52.

Turning to the compensation award itself, the commission awarded temporary total disability compensation based on the reports of Drs. Hanna and Reynolds. Because Dr. Reynolds examined claimant just once, on September 25, 1992, his report is not probative of claimant's condition before then. See *State ex rel. Case v. Indus. Comm.* (1986), 28 Ohio St.3d 383, 28 OBR 442, 504 N.E.2d 30. Consequently, the report is not "some evidence" supporting temporary total disability compensation prior to September 25, 1992. It is, however, "some evidence" supporting temporary total disability after that date. Therefore, the award of temporary total disability compensation from September 25, 1992 to December 31, 1992 is defensible.

Prior to September 25, 1992, compensation eligibility rests exclusively with Dr. Hanna. Upon review, we find that neither his narrative reports nor C84 forms

are "some evidence" supporting an award of temporary total disability compensation.

Over the period in which temporary total disability compensation was requested, two segments of time are particularly noteworthy. The first covers September 1991 to May 1992, during which time Dr. Hanna, by his own admission, did not see the claimant. The second is February 22, 1991 through July 19, 1991, when claimant was actually working.

The lengthy period during which Dr. Hanna had no patient contact casts considerable doubt on the reliability of his certification of temporary total disability over that period, but, in and of itself, does not invalidate his certification in its entirety. However, when combined with the fact that claimant actually worked during part of the certification period, we find Dr. Hanna's certification to be too flawed to support the payment of temporary total disability compensation over any of the disputed periods prior to September 25, 1992.

Accordingly, that portion of the court of appeals' judgment that found "some evidence" supporting the award of temporary total disability compensation from September 25, 1992 to December 31, 1992 is affirmed. The rest of the judgment is reversed.

*Judgment affirmed in part*
*and reversed in part.*

MOYER, C.J., DOUGLAS, WRIGHT, PFEIFER and COOK, JJ., concur.

RESNICK, J., dissents in part and would affirm the judgment of the court of appeals in its entirety.

F.E. SWEENEY, J., dissents and would affirm the court of appeals *in toto.*