[This decision has been published in *Ohio Official Reports* at 97 Ohio St.3d 264.]

THE STATE EX REL. EARLS, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO,

APPELLEE; UNITED DAIRY FARMERS, INC., APPELLANT.

[Cite as *State ex rel. Earls v. Indus. Comm.*, 2002-Ohio-6320.]

*Workers' compensation—Application for temporary total disability compensation after voluntarily resigning from former position of employment to accept another position of employment denied by Industrial Commission—Court of appeals' writ returning cause to commission for further consideration in light of State ex rel. Baker reversed and commission's denial of temporary total compensation reinstated.*

(No. 2001-1632—Submitted September 17, 2002—Decided December 4, 2002.)

APPEAL from the Court of Appeals for Franklin County, No. 00AP-1201.

————————————

**Per Curiam.**

{¶1} Appellee-claimant, Pamela S. Earls, sustained a minor head injury during a robbery attempt at her workplace on October 6, 1995. She missed fewer than eight days of work as a result of her injury and her workers' compensation claim was allowed for head contusions. She continued working for appellant, United Dairy Farmers, Inc. ("UDF"), until she quit on March 22, 1996, after a disagreement with management. Claimant then took a job with Dairy Mart Corporation on July 18, 1996, and quit on April 1, 1997. There is no evidence that she has worked since.

{¶2} In early 1998, appellee Industrial Commission of Ohio allowed the additional condition of post-traumatic stress disorder. In October 1998, claimant moved for temporary total disability compensation ("TTC") from April 1, 1997, forward. Three medical reports are relevant to that motion. An April 22, 1998 C-84 physician's report form completed by Dr. David Helm certified claimant as

temporarily and totally disabled from the date of injury through December 21, 1998. This certification, however, covered a substantial period when he had neither seen nor treated claimant, as well as a period of over one year when claimant had, in fact, worked. These defects were repeated in his December 22, 1998 C-84. In addition, on the December C-84, he attributed the alleged disability in part to major depression, a nonallowed condition.

{¶3} Dr. Gordon A. Harris provided the only other opinion on claimant's ability to work. He felt that claimant could not work, but specifically disavowed any causal connection to claimant's allowed conditions. He instead attributed it to two nonallowed conditions—personality disorder and schizoaffective disorder.

{¶4} A district hearing officer ("DHO") denied TTC from April 2, 1997, through October 26, 1997, because Dr. Helm, the certifying physician, had not treated or consulted with claimant during that time. The DHO awarded TTC from October 27, 1997, through December 16, 1998. A staff hearing officer, however, vacated the entire award, finding that claimant's voluntary resignation from UDF foreclosed TTC. Further consideration was denied.

{¶5} Claimant petitioned the Court of Appeals for Franklin County for a writ of mandamus. The court of appeals issued a writ returning the cause to the commission for further consideration in light of the newly released decision in *State ex rel. Baker v. Indus. Comm.* (2000), 89 Ohio St.3d 376, 732 N.E.2d 355 ("*Baker II*").

{¶6} This cause is now before this court upon appeal as of right.

{¶7} Claimant's TTC request was denied because she voluntarily resigned from UDF. The court of appeals returned the cause to the commission for further consideration and amended order pursuant to *Baker II*. For the reasons that follow, we reverse the judgment of the court of appeals and reinstate the order of the commission.

**{¶8}** *Baker II* clearly changed the TTC landscape by declaring that voluntary departure from a former position of employment to accept another position of employment no longer automatically precluded TTC when an injury received at the former position is reaggravated. It did not, however, change one key requirement of TTC—the presence of medical evidence substantiating a causal relationship between the allowed conditions and the alleged inability to return to the relevant position of employment. Claimant cannot fulfill this prerequisite, making a return to the commission unnecessary.

**{¶9}** Three medical reports in the record address claimant's ability to work. Dr. Harris stated that in his opinion claimant could not work, but he specifically disavowed a causal relationship to the allowed conditions. He instead attributed her inability to work to the nonallowed conditions of personality disorder and schizoaffective disorder. Likewise, Dr. Helm's December 22, 1998 C-84 partially attributes claimant's inability to work to major depression—a nonallowed condition. The remaining report, Dr. Helm's April 22, 1998 C-84, is so flawed that it cannot be considered evidence of a medical inability to perform the relevant position of employment due to the allowed conditions. *State ex rel. Kroger Co. v. Morehouse* (1995), 74 Ohio St.3d 129, 656 N.E.2d 936. Specifically, it certifies temporary total disability over a substantial period in which Dr. Helm neither saw nor treated claimant. Second, Dr. Helm certified claimant as unable to work over two sizable periods in which claimant *was* working—October 6, 1995, through March 22, 1996, and July 18, 1996, through April 1, 1997. When faced with the identical flaws in *Morehouse*, we wrote:

**{¶10}** "The lengthy period during which Dr. Hanna had no patient contact casts considerable doubt on the reliability of his certification of temporary total disability over that period, but, in and of itself, does not invalidate his certification in its entirety. However, when combined with the fact that claimant actually worked during part of the certification period, we find Dr. Hanna's certification to

be too flawed to support the payment of temporary total disability compensation over any of the disputed periods * * *." Id. at 134, 656 N.E.2d 936.

**{¶11}** Absent any medical evidence of an inability to work at the relevant position of employment due to the allowed conditions, it is pointless to remand this cause for further consideration.

**{¶12}** The judgment of the court of appeals is reversed, and the commission's denial of TTC is reinstated.

Judgment reversed.

MOYER, C.J., DOUGLAS, RESNICK, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

F.E. SWEENEY, J., dissents and would affirm the judgment of the court of appeals.

_____

Becker, Reed & Tilton and Dennis A. Becker, for appellee Pamela S. Earls.

Betty D. Montgomery, Attorney General, and Jacob Dobres, Assistant Attorney General, for appellee Industrial Commission.

Taft, Stettinius & Hollister, L.L.P., and Cynthia C. Felson, for appellant.

_____