DECISION ON OBJECTION TO MAGISTRATE'S DECISION
{¶ 1} In this original action, relator, James R. West, Jr., requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its March 18, 2003 order denying his application for temporary total disability ("TTD") beginning August 10, 1993, and to enter an order granting said compensation.
 {¶ 2} On June 29, 1991, relator suffered an injury while moving furniture in the course of his employment with Goffena Furniture, Inc. The commission recognized his claim for "sprain thoracic region; sprain of neck; cervicobrachial syndrome; lumbosacral neuritis; [and] radiculitis." Relator reports that he experienced pain, muscle spasms and numbness following his accident and that he received some medical treatment for his symptoms while living in Sydney, Ohio. However, other than recitations contained within a subsequent doctor's report, there is no evidence in the record to support his contentions. Relator later moved to Peebles, Ohio.
 {¶ 3} On August 10, 1993, relator first went to Matthew A. Greene, D.C., for chiropractic treatment. According to a June 22, 1994 report, Dr. Greene concluded that relator was unable to return to work because any kind of physical activity resulted in flare-ups of his industrial accident. On July 15, 1994, citing this inability to work, relator filed a motion requesting TTD compensation based on his previously allowed conditions. Relator sought compensation for a period beginning August 10, 1993.[1] Dr. Greene's June 22, 1994 report and an April 12, 1994 C-84 form supported relator's motion.
 {¶ 4} On May 16, 1995, a district hearing officer ("DHO") for the commission denied relator's request for TTD compensation. The DHO found insufficient evidence to support TTD compensation beginning more than two years after relator's industrial accident considering there was no indication of disability in the interim period. Further, she did not find sufficient evidence to demonstrate a causal relationship between the industrial injury and the alleged disability. The DHO based her order on Dr. Greene's June 22, 1994 report, as well as on a report submitted by another physician.[2]
 {¶ 5} On July 17, 1995, a commission staff hearing officer ("SHO") affirmed the DHO's order. Relator appealed the SHO's order, but the commission refused the appeal. Thus, relator filed his first mandamus action with this court: State ex rel. West v. Indus. Comm., Franklin App. No. 01AP-1334, 2002-Ohio-4775 ("West").
 {¶ 6} In West, we adopted the core of the magistrate's decision, but sustained relator's objection regarding causation, and granted relator's requested writ of mandamus on that limited basis. Therein, we found:
Because the commission did not adequately explain why Dr. Greene's report was insufficient to establish the causal relationship between relator's industrial injury and the claimed disability, the decision fails to comply with State ex rel. Noll v. Indus. Comm. (1991),57 Ohio St.3d 203.
Id. at ¶ 8. Accordingly, we ordered the commission to vacate its previous order and to "enter a new order either granting or denying TTD application in a manner consistent with [our] decision." Id. at ¶ 9.
 {¶ 7} Consequently, the commission vacated its previous order and scheduled a new hearing. On March 18, 2003, an SHO considered relator's appeal from the DHO's original May 16, 1995 order. The SHO issued an order partially modifying the original order but denying relator's appeal. Therein, the SHO stated that he failed to find Dr. Greene's reports to be persuasive, presumably regarding the issue of causation. Specifically, the SHO noted that Dr. Greene did not have any contact with relator for the first two years after his industrial accident, a time period during which there is no evidence of lost work due to an alleged disability. Moreover, although relator claimed to have received treatment prior to meeting Dr. Greene, there was no evidence in the record to support that contention.
 {¶ 8} Therefore, in the March 18, 2003 order, the SHO once again denied relator's application for TTD compensation. On April 3, 2003, the commission refused relator's appeal. Relator filed this mandamus action on November 26, 2004.
 {¶ 9} Pursuant to Civ.R. 53 and Loc.R. 12(M) of the Tenth District Court of Appeals, the matter was referred to a magistrate for hearing. On May 12, 2005, the magistrate issued her decision, including findings of fact and conclusions of law. (Attached as Appendix A.) Therein, the magistrate found that relator did not demonstrate that the commission abused its discretion in denying his application, but complied with our previous order in West. The commission considered the evidence before it and determined that it was insufficient to demonstrate the necessary causal relationship between the industrial accident and the alleged disability. Without that causal relationship, TTD compensation is inappropriate. Accordingly, the magistrate recommended that the court deny relator's request for a writ of mandamus.
 {¶ 10} Relator filed timely objections to the magistrate's decision, contending that the magistrate erred in failing to recognize and apply the law set forth in State ex rel. Simon v. Indus. Comm. (1994),71 Ohio St.3d 186, and State ex rel. Kroger Co. v. Morehouse (1995),74 Ohio St.3d 129. Relator asserts that the magistrate's decision, as well as the commission's order, failed to recognize that lack of treatment, without more, does not invalidate a claim for disability. Relator also submits that the decisions are unsupported by the evidence, as there was no evidence refuting Dr. Greene's opinion that relator's industrial injury was the direct and proximate cause of his claimed disability.
 {¶ 11} Relator is correct that lack of treatment, alone, does not invalidate a claim for disability; however, the issue here is not lack of treatment. Rather, the issue is that the commission did not find Dr. Greene's reports persuasive as to the question of causation. Notably, the cases relator cites in support of his objection recognize that, while not dispositive, lack of treatment can be indicative of lack of causation. InKroger, the court noted:
The lengthy period during which Dr. Hanna had no patient contact casts considerable doubt on the reliability of his certification of temporary total disability over that period, but, in and of itself, does not invalidate his certification in its entirety. However, when combined with the fact that claimant actually worked during part of the certification period, we find Dr. Hanna's certification to be too flawed to support the payment of temporary total disability compensation * * *.
Id. at 134. Moreover, "[w]hile lack of treatment may not always equate to a lack of disability, it can, as here, equate to a lack of proof thereof." Simon, supra, at 188.
 {¶ 12} Here, the commission reached a similar conclusion. While Dr. Greene did opine that relator's disability was causally related to his June 1991 industrial injury, the commission noted that there was no independent evidence in the file to support that conclusion. Further, there was no evidence revealing lost time due to disability over the two-year period between the accident and relator's first visit with Dr. Greene. It was the lack of supportive evidence — not the lack of treatment — upon which the commission relied in determining that Dr. Greene's reports were unpersuasive. As the magistrate noted, the evaluation of the weight and credibility of evidence is solely within the purview of the commission. State ex rel. Burley v. Coil Packing, Inc.
(1987), 31 Ohio St.3d 18, 20-21.
 {¶ 13} Faced with no persuasive evidence establishing the existence of a direct and proximate causal relationship between relator's injury and his claimed disability, we find that the commission did not abuse its discretion in denying relator's application for TTD compensation. Accordingly, we overrule relator's objection to the magistrate's decision. After examining the magistrate's decision, and conducting an independent review of the record pursuant to Civ.R. 53, we find that the magistrate properly reviewed and applied the relevant law.
 {¶ 14} Based on the foregoing, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's recommendation and decision, relator's requested writ of mandamus is denied.
Objection overruled; writ of mandamus denied.
FRENCH and McGRATH, JJ., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. James R. West, Jr., :
 Relator, :
 v. : No. 04AP-1267
Goffena Furniture, Inc. and : (REGULAR CALENDAR)
Industrial Commission of Ohio, :
 Respondents. :
 MAGISTRATE'S DECISION Rendered on May 12, 2005 Butkovich, Schimpf, Schimpf Ginocchio Co., L.P.A., Daryl A.W.Crosthwaite and Stephen P. Gast, for relator.
Jim Petro, Attorney General, and Lasheyl N. Sowell, for respondent Industrial Commission of Ohio.
 IN MANDAMUS {¶ 15} Relator, James R. West, Jr., has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which denied relator's application for temporary total disability ("TTD") compensation beginning August 10, 1993, and to enter an order granting TTD compensation.
Findings of Fact:
 {¶ 16} 1. Relator sustained a work-related injury on June 29, 1991, while moving furniture and his claim has been allowed for "sprain thoracic region; sprain of neck; cervicobrachial syndrome; lumbosacral neuritis; radiculitis."
 {¶ 17} 2. On August 10, 1993, relator began treating with chiropractor Matthew A. Greene, D.C.
 {¶ 18} 3. On April 12, 1994, Dr. Greene completed a C-84 certifying TTD compensation beginning July 1993 with an estimated return-to-work date of June 1, 1994.
 {¶ 19} 4. Dr. Greene issued a report, dated June 22, 1994, wherein he indicated as follows:
James West came into my office on 08/10/93 due to injuries he sustained while moving furniture at his place of employ-ment. He reports that he injured himself on 06/29/91. After that time he was treated in Sidney, OH. He then moved to this area and came to my office.
Immediately after the accident he reported that he had pain and swelling in his back and it got worse as the day went on. He continued to have pain and eventually numbness began in his arms and legs. He had muscle spasms in his middle back which radiated up his neck, shoulders, and around the rib cage.
Examination of the cervical spine revealed paravertebral muscle spasms with decreased ranges of motion in flexion and extension, and rotation. Spasms were also evident in the thoracic spine. There was restriction of normal motor unit motion in the lower cervical and mid-thoracic region.
Treatment in my office has been aimed at increasing mobility to the involved areas and to decrease pain and spasms that are present. Appropriate physiotheraputic [sic] modalities are also being used to aid in the healing of the soft tissues. He is doing better with treatment and he is noticing less frequent flare-ups of the condition. However, at this time I do not believe that he is able to return to work. When he does any type of physical activity it does cause flare-up of his condition.
Diagnosis: Cervical sprain. Thoracic sprain. Cervicobrachial Syndrome.
 {¶ 20} 5. On July 15, 1994, relator moved for TTD compensation from July 17, 1993 on. In support, relator submitted the June 22, 1994 report of Dr. Greene as well as the April 12, 1994 C-84 completed by Dr. Greene. Relator also submitted an undated letter from the office manager of Hilltop Ford-Lincoln-Mercury, Inc., of Maysville, Kentucky, stating: "To whom it may concern, James West was employed at Hilltop Ford Inc from June 21, 1993 to July 16, 1993."
 {¶ 21} 6. On March 3, 1995, the claim file was reviewed by Dr. Sheets who indicated that the soft tissue injury was nearly four years old and that there was no medical evidence in the file to support the request for TTD compensation.
 {¶ 22} 7. On March 13, 1995, the Ohio Bureau of Workers' Compensation ("bureau") referred relator's July 15, 1994 motion to the commission for adjudication.
 {¶ 23} 8. A hearing was held before a district hearing officer ("DHO") on May 16, 1995, and resulted in an order denying TTD compensation upon a finding of insufficient objective evidence to support the disability. The DHO indicated there was insufficient evidence demonstrating causation between the alleged disability beginning August 8, 1993 and the June 29, 1991 industrial injury. The order was based upon the report of Dr. Greene, the fact that Dr. Greene did not begin treating relator until August 10, 1993, and the March 3, 1995 report of Dr. Sheets.
 {¶ 24} 9. Relator appealed and the matter was heard before a staff hearing officer ("SHO") on July 17, 1995. The SHO affirmed the prior DHO order without further comment.
 {¶ 25} 10. Relator's further appeal was refused by order of the commission mailed August 21, 1995.
 {¶ 26} 11. On August 21, 2001, relator filed a mandamus action in this court.
 {¶ 27} 12. In State ex rel. West v. Indus. Comm., Franklin App. No. 01AP-1334, 2002-Ohio-4775, this court issued a writ of mandamus ordering the commission to vacate its order denying relator's application for TTD compensation because the commission failed to adequately explain why Dr. Greene's report was insufficient to establish the causal relationship between relator's injury and the claimed disability.
 {¶ 28} 13. As a result of this court's decision, the commission vacated the prior SHO order and referred the matter for hearing.
 {¶ 29} 14. No additional evidence was submitted and the matter was reheard before an SHO on March 18, 2003, and resulted in an order modifying the May 16, 1995 DHO order but denying TTD compensation as follows:
The SHO does not rely upon the opinion of Dr. Sheets. However, the SHO fails to find the reports of Dr. Greene to be persuasive.
Dr. Greene's first contact with claimant is more than two years after the date of injury, a period of time in which there is no evidence of any lost time. Although Dr. Greene's history states that claimant had treated with another physician previously (and continued to have problems since the date of injury) there is no evidence of such on file, nor was claimant present at either the DHO, or this hearing to offer testimony of such.
Accordingly, the request for temporary total disability from 08/10/1993 to 05/16/1995 remains denied.
 {¶ 30} 15. Relator's appeal was refused by order of the commission mailed April 10, 2003.
 {¶ 31} 16. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
 {¶ 32} For the reasons that follow, the magistrate finds that relator has not demonstrated that the commission abused its discretion and relator's request for a writ of mandamus should be denied.
 {¶ 33} TTD compensation awarded pursuant to R.C. 4123.56 has been defined as compensation for wages lost where a claimant's injury prevents a return to the former position of employment. State ex rel. Ramirez v.Indus. Comm. (1982), 69 Ohio St.2d 630. It is well-established that it is the claimant's burden to demonstrate the existence of a direct and proximate causal relationship between the industrial injury and the claimed disability. State ex rel. Waddle v. Indus. Comm. (1993),67 Ohio St.3d 452.
 {¶ 34} Where the documentation submitted by the claimant is insufficient to meet the burden of showing the existence of a direct and proximate causal relationship between the industrial injury and the claimed disability, that deficiency can constitute some evidence supporting the commission's denial of compensation. See State ex rel.Martin v. Indus. Comm. (2002), 94 Ohio St.3d 376; State ex rel. Thomasv. Indus. Comm. (1989), 42 Ohio St.3d 31. Evaluation of the weight and credibility of the evidence before it rests exclusively with the commission. State ex rel. Burley v. Coil Packing, Inc. (1987),31 Ohio St.3d 18.
 {¶ 35} In the present case, the magistrate finds that the commission considered the evidence submitted by relator and found it to be insufficient to establish the causal relationship between the industrial injury and the allowed disability and that the commission complied withState ex rel. Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203. The commission noted that relator first treated with Dr. Greene more than two years after the date of injury and that, although Dr. Greene's history indicates that relator treated with another physician previously, there is no evidence in the file to establish that fact. Furthermore, the commission noted that relator did not appear at the hearing to offer testimony. Finding that there was no explanation for the lack of evidence regarding treatment, the commission found Dr. Greene's report and C-84 to be insufficient to support the requested period of TTD compensation and this magistrate agrees.
 {¶ 36} Based on the foregoing, it is this magistrate's decision that the commission has complied with this court's prior decision and that relator has failed to demonstrate that the commission abused its discretion in denying his application for TTD compensation. Accordingly, this court should deny relator's request for a writ of mandamus.
[1] Relator originally requested TTD starting in July 1993, but later modified his request to the start of his treatment with Dr. Greene.
[2] Dr. Sheet examined relator on behalf of the commission and pursuant to the TTD motion.